FILED

**NOT FOR PUBLICATION**

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME NOE GARCIA-VARELA, | No. 15-71652 |
| Petitioner, | Agency No. A077-541-564 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:   TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jaime Noe Garcia-Varela, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Garcia-Varela's motion to reopen as untimely, where Garcia-Varela filed the motion more than fourteen years after his final order of removal, and has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to review the agency's discretionary decision not to reopen proceedings sua sponte, where Garcia-Varela fails to raise a colorable constitutional claim or question of law about the sua sponte determination that would invoke our jurisdiction. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte

reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

In light of this disposition, we do not reach Garcia-Varela's remaining contentions regarding ineffective assistance of counsel, his 1999 proceedings, and the applicability of the departure bar.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part**.